# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKEY L. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11CV00216 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this action under the Federal Torts Claim Act (the "FTCA"). Plaintiff alleges that the United States seized, among other things, a gold CD from him during his 1998 arrest, which resulted in a conviction on drug charges. The CD contained three rap songs that plaintiff had written and produced. Plaintiff claims that the government improperly kept the CD and damaged it, resulting in economic damage to him in the form of lost revenue from the songs on the CD. Plaintiff seeks monetary relief.

The government moves to dismiss this case for lack of jurisdiction. The government argues that the cause of action accrued more than two years before the plaintiff filed his administrative complaint, and therefore, the claim is barred by the FTCA's limitation period, which is jurisdictional. The Court agrees with the

government's position, and the Court will dismiss this action without further proceedings.

**Background**

The Court is familiar with the circumstances surrounding plaintiff's 1998 arrest, the seizure of plaintiff's property, and the history of the gold CD in question. The Court presided over plaintiff's criminal case, <u>United States v. Jackson</u>, 1:98CR39 ERW (E.D. Mo.), his first motion for return of property under Rule 41 of the Federal Rules of Criminal Procedure, <u>Jackson v. United States</u>, 1:03CV160 ERW (E.D. Mo.), and his second motion for return of property under Rule 41, <u>Jackson v. United States</u>, 1:07CV34 ERW (E.D. Mo.). The Court takes judicial notice of these case files.

Plaintiff was arrested on May 22, 1998, as a result of a federal indictment on drug charges. At the time of his arrest, plaintiff was driving a 1997 Ford Expedition. There were several items in the Expedition that were seized as evidence, including a watch, money, clothing, and fourteen CDs. Plaintiff was a rapper who performed under the moniker "Gotti," and plaintiff claims to have performed on, recorded, or produced the CDs. One of the CDs was untitled and gold in color, and plaintiff claims it contained three songs that were cleaned up for radio play. Plaintiff claims that this was the master CD and that the songs were not recorded anywhere else. The gold CD was of interest to the investigation because it was untitled. The other thirteen CDs were not

of interest to the investigation because they were the type of CDs that could be purchased in a store. As it turned out, the prosecutor played the gold CD to the grand jury because it appeared to contain incriminating statements by plaintiff. On June 3, 1998, the thirteen regular CDs were transferred to plaintiff's girlfriend, who was the lessee of the Expedition.

Plaintiff was convicted of the charges by a jury. On March 29, 1999, the Court sentenced plaintiff to life imprisonment.[1]

On December 24, 2003, plaintiff filed his first Rule 41 motion. In that case, plaintiff moved for the return the Expedition and several of the other items that were in it, such as money, clothes, and a watch. Plaintiff did not seek return of any of the CDs. After a bench trial, the Court ordered the government to return a few of the items that had been seized.

On March 1, 2007, plaintiff filed his second Rule 41 motion. In that case, plaintiff moved for the return of the fourteen CDs and other miscellaneous items. The government moved the Court to dismiss the action based, in part, on its position that it had returned all of plaintiff's CDs to him. The Court did not grant the motion, but the government continued to deny possession of the CD until June 24, 2009, when an

---

[1]The sentence was subsequently lowered to 420 months' imprisonment to be followed by five years' supervised release.

Assistant United States Attorney notified the Court that he had possibly found the CD "buried in the bottom of the file box." The Court held a hearing on July 29, 2009, where it was determined that it was the correct CD. The AUSA noted during the hearing that he might have damaged the CD by putting a sticker on it, causing the tracks to "jump." During the bench trial, plaintiff testified that he had begun to seek the return of his property before the criminal trial. On November 20, 1999, after the trial concluded, the Court ordered the government to return the gold CD to plaintiff, and the Court found that the government did not possess any of the other items listed in plaintiff's motion. The Court found that the value of the CD was $1.00.

Plaintiff claims that he submitted FTCA administrative claims with the United States Attorney's Office on May 5, 2011, and June 29, 2011.

**Standard**

"[J]urisdiction is a threshold question, [and] judicial economy demands that the issue be decided at the outset [of the case]." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quotation and

citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn, 918 F.2d at 729.

## Discussion

At issue in this action is when plaintiff's FTCA claim accrued. Defendant argues that it accrued on the date plaintiff's property was seized, May 22, 1998. Defendant argues in the alternative that the latest possible date it could have accrued was March 21, 2007, the date on which plaintiff filed his second motion for return of property. Plaintiff argues that his claim accrued on July 24, 2009, the date on which the government admitted that it possessed the CD and that it had been damaged.

The FTCA was enacted by Congress as a limited waiver of the United States government's sovereign immunity. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). Subject to certain exceptions, the government is liable in tort for damages caused by the negligence of government employees acting within the scope of their office, under circumstances where the government, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1). See Mandel v. United States, 793 F.2d 964, 968 (8th Cir. 1986), Bergmann v. United States, 689 F.2d 789, 792 (8th Cir. 1982).

Under the FTCA, 28 U.S.C. §§2401(b) and 2675(a), a tort claim against the United States is forever barred unless it has first been presented to the appropriate Federal agency within two years of the alleged injury. A claim can only be pursued in a district court after the claim has been denied by the agency to which it was presented. Section 2401(b) reads in pertinent part as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Section 2675(a) reads in pertinent part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The requirements and limitation periods set forth in Sections 2401(b) and 2675(a) of the FTCA are jurisdictional prerequisites which must be satisfied before a claimant may proceed against the United States in District Court. See McNeil v. United States, 508 U.S. 106, 111-112 (1993); Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996); Bellecourt, 994 F.2d at 430. Filing an administrative claim is a prerequisite to maintaining jurisdiction and cannot be waived absent a showing of exhaustion.

Bellecourt, 994 F.2d at 430; Manko v. United States, 830 F.2d 831 (8th Cir. 1987); West v. United States, 592 F.2d 487 (8th Cir. 1979).

In determining when time begins accruing under the FTCA statute of limitations, the general rule is that a tort claim accrues at the time of the plaintiff's injury. United States v. Kubrick, 444 U.S. 111, 120 (1979). Where the factual basis for the cause of action is "inherently unknowable" at the time of the injury, courts apply the discovery rule under which a claim is said to accrue when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action. Brazzell v. United States, 788 F.2d 1352, 1355-1356 (8th Cir. 1986). That means that "[an FTCA] claim accrues . . .when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute [a tort]." Kubrick, 444 U.S. at 111.

The Court believes that plaintiff's FTCA claims accrued on May 22, 1998, the date on which the CD was seized. See U.S. v. Morales, 2003 WL 21692752, *3 (S.D.N.Y. 2003) (reaching same conclusion). However, even if plaintiff did not know or have reason to know that the CD had been taken on that date, the cause of action accrued no later than March 1, 2007, the date on which plaintiff filed his second Rule 41(g) motion, seeking return of the CD. Plaintiff filed the motion to correct an alleged injury by the government. As a result, the time for filing an administrative complaint

with the United States Attorney's Office ended no later than March 1, 2009, and this action is barred by the FTCA's limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to dismiss [ECF No. 8] is **GRANTED**.

An Order of Dismissal will be filed with this Memorandum and order.

So Ordered this 5th Day of June, 2012.

　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE